RECEIVED
SEP 2 6 2018
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

Noah J. McCourt

*Plaintiff*

V.

City of Waconia

*Defendant*

**AMMENDED COMPLAINT**

Case number: 0:18-cv-02377

## COMPLAINT

COMES NOW the plaintiff, Noah J. McCourt, appearing pro se, and for a complaint against the City of Waconia above named, states, alleges, and avers as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C., section 1983.

### GENERAL ALLEGATIONS

3. The plaintiff Noah McCourt is a citizen of the State of Minnesota, United States of America.

4. Defendant, the City of Waconia, operates at Waconia City Hall located at 201 S Vine Street Waconia, MN 55387

5. The City operates City Square park located at 52 South Pine Street Waconia Minnesota 55387

6. There is a Gazebo, located in the City Park, which the city utilizes at a variety of community events.

7. Plaintiff is an individual with a disability that causes periodic physical impairment. Noah McCourt has Autism Spectrum Disorder and as a result has low muscle tone which results in sporadic muscle weakness that renders him unable to utilize stairs and lift himself. Plaintiff requires extra time and greater space to accomplish daily living activities. He wants to be able to fully participate in events such as nickle deckle days and music in the park but the Gazebo is inaccessible to persons with physical accommodation needs and mobility impairments.

8. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et seq., establishing the most important civil rights law for persons with disabilities in our country's history.

SCANNED
SEP 2 7 2018
U.S. DISTRICT COURT ST. PAUL

9. The Congressional statutory findings include:

a. "some 43,000,000 Americans have one of more physical or mental disabilities . . .;

b. "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

c. "discrimination against individuals with disabilities ties persists in such critical areas as . . .public accommodations;

d. "individuals with disabilities continually encounter various forms of discrimination, including . . .the discriminatory effects of architectural . . .

e. "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous . . ."42 U.S.C. section l2101(a).

10. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

a. "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. section 12101(b).

11. Congress passed the American with Disabilities Act on July 26,1990 .

12. Nevertheless, the City of Chaska has not eliminated these barriers as their Gazebo does not meet current ADA standards. This prevents persons with physical disabilities from having full access to City Square park.

13. One of the most important parts of the Americans with Disabilities Act is Title II, known as the "State and Local Government."  42 U.S.C. section 12101

14. Congress included  "all activities of State and local governments regardless of whether these entities receive Federal financial assistance " in title II of the act covered 29 U.S.C. section 794

15. The Gazebo at Chaska City Square Park a is a facility owned and used for programming by a local government entity

16. As relevant to the present action, discrimination includes, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such is readily achievable." 42 U.S.C.. section 12182(b)(2)(A)(iv).

17. The U.S.. Department of Justice, in promulgating the federal regulations to implement this Act, defines "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense," including adding a ramp and wallbar on the gazebo 28 C.F.R.. section 36.304(a) - (c).

18. Other facilities similar to the defendants have made similar modifications, like, I ask here. Defendant could easily make its facility accessible but has chosen not to comply with The Americans with Disabilities Act.

19. Plaintiff wants the ability to fully participate in community activities.

### FIRST CLAIM OF RELIEF

#### Violations of Title II of the American with Disabilities Act

20. Plaintiff incorporates the allegations set forth in the remainder of this complaint as set forth herein

21. Title II of the American with Disabilities Act prohibits discrimination on the basis of disability by public entities. 42 USC 12132

22. The City of Waconia is a public entity as defined in Title II of the American with Disabilities Act

23. Plaintiff is a qualified individual with a disability as defined by the American with Disabilities Act

24. The Gazebo in the City of Waconia's city Square Park is inaccessible to individuals with disabilities and mobility impairments

25. The City of Waconia discriminated against the plaintiff in violation of Title II of the ADA

26. Despite the clear provisions of the ADA, their knowledge of said deficiencies, the city of Waconia persisted and in creating conditions that discriminated against the Plaintiff.

27. As a direct and proximate of the acts omissions and violations alleged above, the plaintiff has suffered damages including emotional distress and impact on quality of life.

28. Plaintiff has been injured and aggrieved and will continue to be injured and aggrieved by the City's discrimination

### SECOND CLAIM OF RELIEF

#### Violations of Section 504 of the Rehabilitation Act

29. Plaintiff incorporates the allegations set forth in the remainder of this complaint as set forth herein

30. Section 504 of the Rehabilitation Act of 1973 prohibits discrimination by recipients of Federal Financial assistance.  29 USC 794

31. The Plaintiff is an individual with a disability as defined in the Rehabilitation act of 1973

32. The City of Waconia is a recipient of Federal funding as defined in the rehabilitation act of 1973 29 USC 794

33. The Gazebo in Waconia City Square Park is inaccessible to people with disabilities and mobility impairments.

34. The City of Waconia is discriminating against the plaintiff with disabilities in violation of title II of the ADA

35. Despite the clear provisions of the ADA, their knowledge of said deficiencies, the city of Waconia persisted and in creating conditions that discriminated against the Plaintiff.

36. As a direct and proximate of the acts omissions and violations alleged above, the plaintiff has suffered damages including emotional distress and impact on quality of life.

37. Plaintiff has been injured and aggrieved and will continue to be injured and aggrieved by the City's discrimination

### THIRD CLAIM FOR RELIEF

### DISABILITY DISCRIMINATION – MHRA, Minn. Stat. § 363A.08, subd. 6

38. All preceding Paragraphs are incorporated herein.

39. The MHRA prohibits a covered entity from failing to make "reasonable accommodation to the known physical or mental limitations of a qualified disabled person." Minn. Stat. § 363A.08, subd. 6.

40. Plaintiff is a qualified disabled person as defined by Minn. Stat. § 363A.03, subd. 36. Defendant knew that Plaintiff is disabled, regarded him as disabled, and/or knew that Plaintiff had a record of disability.

41. Defendant is a municipal corporation and is a covered entity under the MHRA

42. In violation of the MHRA, Defendant failed to provide Plaintiff with a reasonable accommodation.

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer, mental anguish, emotional distress, embarrassment, and other damages.

### FOURTH CLAIM OF RELIEF

DISABILITY DISCRIMINATION – MHRA, Minn. Stat. § 363A.12 subd. 1

44. All preceding Paragraphs are incorporated herein.

45. The MHRA states that is unfair discriminatory practice to discriminate against any person in the access to admission to or full utilization of from any public service because of race color, creed, religion, national origin, sex, disability, orientation or status with regard to receiving public assistance.

45. Plaintiff is a qualified disabled person as defined by Minn. Stat. § 363A.03, subd. 36. Defendant knew that Plaintiff is disabled, regarded him as disabled, and/or knew that Plaintiff had a record of disability.

46. Defendant is a municipal corporation and is a covered entity under the MHRA

47. In violation of the MHRA, Defendant failed to provide access to a public service

48. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, embarrassment, and other damages.

WHEREFORE, the plaintiff Noah J McCourt respectfully requests:

1. That this court assume jurisdiction
2. That this court declare the actions of this court to be in violation of Title II of the ADA , section 504 of the Rehabilitation act of 1973 and the Minnesota Human Rights Act
3. That this court enter a judgment ordering the defendant to cease their discrimination against the plaintiff
4. That this court awards reasonable Attorney's fees and costs
5. That this court orders such additional or alternative relief as may be just proper and equitable

Respectfully submitted,

Noah J. McCourt

33 W Lake St.404

Waconia,MN 55387

PRO SE